IN THE UNITED STATES DISTRICT COURT FOR THE

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| AUSTIN ELIJAH BURTON,        )<br>                             )<br>        **Petitioner**,            )<br>                             )<br>    v.                       )<br>                             )<br>UNITED STATES OF AMERICA,    )<br>                             )<br>        **Respondent**.           )<br>_____) | 05 CV 0888 AWI<br>(02 CR 5187 AWI)<br><br>MEMORANDUM OPINION<br>AND ORDER DENYING<br>MOTION TO AMEND,<br>VACATE OR SET ASIDE THE<br>SENTENCE<br><br>(28 U.S.C. § 2255) |

## INTRODUCTION

Petitioner Austin Elijah Burton ("Petitioner") seeks collateral relief under 28 U.S.C. § 2255 from the sentence of 1,222 months imprisonment that was imposed by this Court on July 3, 2003, following a jury's finding that Petitioner was guilty on nine counts, including bank robbery, armed bank robbery and carrying a firearm during a crime of violence.  For the reasons that follow, Petitioner's motion will be denied.

## FACTUAL AND PROCEDURAL HISTORY

In May 2002, Petitioner was arrested and subsequently indicted on nine counts—one count (Count # 1) alleging violation of 18 U.S.C. § 2113(a), Bank Robbery, four counts (Counts # 2, 4, 6, 8) alleging violation of 18 U.S.C. § 2113(a) & (d), Armed Bank Robbery, and four counts (Counts # 3, 5, 7, 9) alleging violation of 18 U.S.C. 924(c)(1), Carrying a Firearm During

a Crime of Violence.  Petitioner entered a plea of not guilty on all counts.  After trial, a jury found Petitioner guilty on all counts.  On or about, July 3, 2003, the Court imposed a sentence of 1,222 months of imprisonment and ordered Petitioner to pay $11,724.00 in restitution to the banks he robbed.

Based on the statutes, guidelines, and recommendations of the Presentence Investigation Report ("PIR"), the Court ordered Petitioner to serve 240 months for Count 1, 262 months for Count 2, 262 months for Count 4, 262 months for Count 6, and 262 months for Count 8, all to run concurrently.  The Court ordered Petitioner to serve 60 months for Count 3, 300 months for Count 5, 300 months for Count 7, and 300 months for Count 9, all mandatory consecutive sentences.  The total sentence of imprisonment was 1,222 months.  In addition, the Court ordered Petitioner to pay restitution to Bank of America (Palm Ave.) in the amount of $1,580.00, Washington Mutual Bank in the amount of $3,000.00, Bank of the West in the amount of $1,674.00, Bank of America (Shaw Ave.) in the amount of $2,370.00, and Union Bank in the amount of $3,100.00.  The total amount of mandatory restitution was $11,724.00.

On or about July 9, 2003, Petitioner filed a timely notice of appeal to the Court of Appeals for the Ninth Circuit.  Petitioner appealed Counts 6 and 7.  The Ninth Circuit reversed the conviction of Count 6, Armed Bank Robbery, and affirmed the conviction of Count 7, Carrying a Firearm During a Crime of Violence.  The reversal of Count 6 did not affect the total sentence because the sentence for Count 6 was ordered to run concurrently with the sentences for Counts 1, 2, 4, and 8.

Petitioner now brings a motion to vacate, set aside, or correct his sentence under 28 U.S.C. § 2255 on four separate grounds.  Specifically, Petitioner argues that (1) the district court's imposition of sentences for Counts 3, 5, 7, and 9 (Carrying a Firearm During a Crime of Violence) constituted violations of the Double Jeopardy Clause; (2) the sentences for those same Counts 3, 5, 7, and 9 were imposed without due process and also in violation of 21 U.S.C. § 851(a); (3) the government failed to prove essential elements of Counts 1, 2, 4, 6, and 8, (Bank

Robbery and Armed Bank Robbery), which divested the district court of subject-matter jurisdiction; and (4) Petitioner received ineffective assistance of counsel.

Petitioner's motion was filed timely on July 8, 2005.

## LEGAL STANDARD

28 U.S.C. § 2255 provides that a "prisoner in custody under sentence of a court established by Act of Congress claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States . . . may move the court which imposed the sentence to vacate, set aside or correct the sentence." Furthermore, "a district court must grant a hearing to determine the validity of a petition brought under that section, '[u]nless the motions and the files and records of the case conclusively show that the prisoner is entitled to no relief.'" United States v. Blaylock, 20 F.3d 1458, 1465 (9th Cir. 1994) (quoting 28 U.S.C. § 2255). The court may deny a hearing if the movant's allegations, viewed against the record, fail to state a claim for relief or "are so palpably incredible or patently frivolous as to warrant summary dismissal." United States v. McMullen, 98 F.3d 1155, 1159 (9th Cir. 1996) (internal quotations omitted), cert. denied, 520 U.S. 1269, 117 (1997). To earn the right to a hearing, therefore, the movant must make specific factual allegations which, if true, would entitle him to relief. Id. Mere conclusory statements in a section 2255 motion are insufficient to require a hearing. United States v. Hearst, 638 F.2d 1190, 1194 (9th Cir. 1980), cert. denied, 451 U.S. 938 (1981).

28 U.S.C. § 2255 also provides for a "1-year period of limitation" to run from the latest of (1) the date on which the judgment of conviction becomes final; (2) the date on which a government-created impediment to bringing a section 2255 claim is removed; (3) the date on which a right to bring the action was initially recognized by the Supreme Court, if the right has been newly recognized and made retroactively applicable to cases on collateral review; or, (4) the date on which the facts supporting a claim could have been discovered through the exercise of

due diligence.  28 U.S.C. § 2255(1)-(4).

## DISCUSSION

### A.     Double Jeopardy Claim

Petitioner first argues that the district court imposed sentences for Counts 3, 5, 7, and 9 (alleging violation of 18 U.S.C. § 924(c)(1), Carrying a Firearm During a Crime of Violence) in violation of the Double Jeopardy Clause of the United States Constitution.  Petitioner contends that all elements of a § 924(c)(1) claim are "coterminous with the Predicate offense [18 U.S.C. § 2311 (a) & (d), Armed Bank Robbery] itself."  Therefore, imposing a separate sentence for each claim would be punishing the same offense twice, which is precisely what the Double Jeopardy Clause was designed to prevent.  The Ninth Circuit has addressed and rejected this argument, specifically with regard to these statutes, several times.  See United States v. Gonzalez, 800 F.2d 895 (9th Cir. 1986); United States v. Browne, 829 F.2d 760 (9th Cir. 1987); United States v. Mathews, 36 F.3d 821 (9th Cir. 1994).  Under the law of this circuit, this Court will follow suit.

Petitioner is correct that the Double Jeopardy Clause protects against multiple punishments for the same offense.  The clause states that no person shall "be subject for the same offense to be twice put in jeopardy of life or limb."  See Simpson v. United States, 435 U.S. 6 (1978).  In order to determine whether two or more sentences require the protection of the Double Jeopardy Clause, we must apply the "Blockburger test" by considering whether each count of the indictment requires proof of a fact that the other does not.  Blockburger v. United States, 284 U.S. 299, 304 (1932) ("[W]here the same act or transaction constitutes a violation of two distinct statutory provisions, the test to be applied to determine whether there are two offenses or only one, is whether each provision requires proof of a fact which the other does not."); see also United States v. Wylie, 625 F.2d 1371, 1381 (9th Cir. 1980), cert. denied, 449 U.S. 1080 (1981).

As long as each offense requires the "proof of a fact" that the other does not, the

Blockburger test is satisfied, notwithstanding a substantial overlap in the proof offered to establish the crimes. Iannelli v. United States, 420 U.S. 770, 785 n. 17 (1975); United States v. Gann, 732 F.2d 714, 719 (9th Cir. 1984), cert. denied, 469 U.S. 1034 (1984). However, the "proof of a fact" referred to in Blockburger does not simply mean that the same evidence is used at trial to prove the two charges. Gonzalez, 800 F.2d at 898. The two statutes in question in this case are discussed here.

18 U.S.C. § 2113 provides in relevant part:

(a) Whoever, by force and violence, or by intimidation, takes, or attempts to take, from the person or presence of another, or obtains or attempts to obtain by extortion any property or money or any other thing of value belonging to, or in the care, custody, control, management, or possession of, any bank, credit union, or any savings and loan association . . . Shall be fined under this title or imprisoned not more than twenty years, or both.

\*\*\*

(d) Whoever, in committing, or in attempting to commit, any offense defined in subsections (a) and (b) of this section, assaults any person, or puts in jeopardy the life of any person by the use of a dangerous weapon or device, shall be fined under this title or imprisoned not more than twenty-five years, or both.

18 U.S.C. § 924(c)(1) provides in relevant part:

(A) [A]ny person who, during and in relation to any crime of violence or drug trafficking crime (including a crime of violence or drug trafficking crime that provides for an enhanced punishment if committed by the use of a deadly or dangerous weapon or device) for which the person may be prosecuted in a court of the United States, uses or carries a firearm, or who, in furtherance of any such crime, possesses a firearm, shall, in addition to the punishment provided for such crime of violence or drug trafficking crime--

(i) be sentenced to a term of imprisonment of not less than 5 years;

\*\*\*

(C) In the case of a second or subsequent conviction under this subsection, the person shall--
(i) be sentenced to a term of imprisonment of not less than 25 years; and

\*\*\*

The two statutes satisfy the Blockburger test. The elements of 18 U.S.C. § 2113 (a) and (d) that are not required to be proved for conviction under § 924(c)(1) include the taking of money from a bank and an assault or jeopardizing the life of another. The element of 18 U.S.C. § 924(c)(1)

that is not part of § 2113 (a) and (d) is the use or carriage of a firearm. Gonzalez, 800 F.2d at 898.

With respect to cumulative sentences imposed in a single proceeding, "the Double Jeopardy Clause does no more than prevent the sentencing court from prescribing greater punishment that the legislature intended." Missouri v. Hunter, 459 U.S. 359, 366 (1983). When Congress amended section 924(c) in 1984, it expressly intended to authorize an additional, cumulative, sentence for persons who also violate section 2113. See S. Rep. No. 98-225, at 312-13 (1984), reprinted in 1984 U.S.C.C.A.N. 3182, 3490-91; see also Browne, 829 F.2d at 767. Accordingly, under Missouri v. Hunter, Petitioner's convictions and consecutive sentences do not violate the Double Jeopardy Clause. Gonzalez, 800 F.2d at 898.

**B.     "Second and Subsequent" Convictions Under 18 U.S.C. § 924(c)(1)(C)**

Petitioner was sentenced to a term of imprisonment of five years on Count 3, pursuant to 18 U.S.C. § 924(c)(1)(A)(i). For each of Counts 5, 7, and 9, Petitioner was sentenced to twenty-five years, pursuant to § 924(c)(1)(C)(i), which states that in cases of "a second or subsequent conviction under this subsection, the person shall . . . be sentenced to a term of imprisonment of not less than 25 years . . . ." Petitioner argues that the higher sentences of twenty-five years for Counts 5, 7, and 9 were imposed without due process and also in violation of 21 U.S.C. § 851(a).

Petitioner states that he "was never charged with any 'second or subsequent' convictions and no prior convictions of any kind were alleged prior to sentencing at which time the 25-year enhanced sentences were imposed as a matter of course." Hence, Petitioner argues the sentences violate due process as they were based on "arbitrary or presumptive declarations of guilt" and were imposed without "[n]otice and opportunity to be heard."

Petitioner misstates the bases for the sentences imposed. Contrary to his assertions, Plaintiff was given a full trial by jury for the nine crimes that he was charged with, with every measure of notice and opportunity to be heard. At the end of the trial, the jury convicted him on

all nine counts.  Because Petitioner was convicted of violating § 924(c)(1) on Count 3, his "subsequent" convictions of violating § 924(c)(1) on Counts 5, 7, and 9 fell under the purview of § 924(c)(1)(C)(i), which mandates higher sentences.  Title 18 U.S.C. § 924(c)(1) contains no impermissible vagueness and no ambiguity requiring application of the rule of lenity.  United States v. Delacorte, 113 F.3d 1243 (9th Cir. 1997).  Further, section 924(c)(1)(C)(i)'s imposition of twenty-five years imprisonment for a "second or subsequent conviction under this subsection" is not ambiguous.  See Id.  "[S]econd or subsequent conviction[s]" under § 924(c)(1)(C)(i) include additional convictions stemming from a single indictment or proceeding.  Deal v. United States, 508 U.S. 129, 130-35 (1993); United States v. Andrews, 75 F.3d 552, 558 (9th Cir. 1996), cert. denied, 517 U.S. 1239 (1996).

The Supreme Court and the Ninth Circuit have upheld the higher sentences for each of several § 924(c)(1) convictions beyond the first conviction.  See Deal, 508 U.S. at 130-31, 137; United States v. Neal, 976 F.2d 601, 602-03 (9th Cir. 1992).  Petitioner was convicted of four violations of § 924(c)(1).  The higher sentences for Petitioner's second through fourth convictions under § 924(c)(1) as "second or subsequent convictions" were proper as prescribed by the statute and did not violate due process.

Petitioner's alternative argument regarding the "second or subsequent conviction" provision of § 924(c)(1) also lacks merit.  Petitioner argues that the government's failure to comply with the requirements of 21 U.S.C. § 851(a), the Comprehensive Drug Abuse Prevention and Control Act, divested the district court of jurisdiction to impose the higher sentences.  However, Petitioner is unable to point to any authority which states that § 851(a) even applies to § 924(c)(1).

**C.     Failure to Prove Essential Elements and Lack of Subject Matter Jurisdiction**

Petitioner argues that the government failed to prove essential elements of the crimes charged in Counts 1, 2, 4, 6, and 8, Bank Robbery and Armed Bank Robbery.  Petitioner states

7

that "the government failed to prove that the Federal Deposit Insurance Corporation ("FDIC") exists within the meaning of 18 U.S.C. § 2113(f)." He adds that the government also "failed to prove that the 'bank robberies' involved a 'bank' as defined in § 2113(f)" and claims that the "FDIC does not cover losses from bank robbery within the meaning of § 2113(f)." According to Petitioner, the failure to prove the above necessarily meant that the district court lacked subject-matter jurisdiction to impose sentences based on those crimes.

However, Petitioner failed to raise this claim at trial or on direct appeal. Consequently, his claim should be subject to procedural default, which would bar Petitioner from relief unless he could show cause and prejudice or actual innocence. A petitioner moving pursuant to section 2255 "procedurally defaults his claims by not raising them on direct appeal and not showing cause and prejudice or actual innocence in response to the default." Bousley v. United States, 523 U.S. 614, 622 (1998). "If a criminal defendant could have raised a claim of error on direct appeal but nevertheless failed to do so, he must demonstrate both cause excusing his procedural default, and actual prejudice resulting from the claim of error." United States v. Johnson, 988 F.2d 941, 945 (9th Cir. 1993). "Generally, to demonstrate 'cause' for procedural default, an appellant must show that 'some objective factor external to the defense' impeded his adherence to the procedural rule." United States v. Skurdal, 341 F.3d 921, 925 (9th Cir. 2003).

In this case, Petitioner argues that the government's failure to prove the crime's "jurisdictional" element deprived the district court of subject-matter jurisdiction. This Court follows the law of this circuit and rejects that argument. Challenges to a judgment that are based on subject-matter jurisdiction are not barred by procedural default, but the insufficiency of proof of a jurisdictional fact cannot undermine a district court's subject-matter jurisdiction. United States v. Ratigan, 351 F.3d 957, 962 (9th Cir. 2003). Because Petitioner could have raised his claim on direct appeal, but did not, he has procedurally defaulted on his claim. Petitioner has not shown cause and prejudice or actual innocence.

In any case, an examination of the trial record reveals that the government did introduce

8

certificates of proof of FDIC insured status for each of the five banks robbed and that those certificates were admitted by the court.  Further, the jury was instructed that a necessary element to find the Petitioner guilty on Counts 1, 2, 4, 6, and 8 was the fact that "the deposits of the bank were then insured by the Federal Deposit Insurance Corporation."  The jury's finding Petitioner guilty on those counts necessarily means that the jury found that the banks were insured by the FDIC on the date of each robbery.  Petitioner's repeated argument that the FDIC "does not cover losses from a bank robbery" is legally irrelevant, as the statute only requires a showing that the banks in question were "institution[s] the deposits of which [we]re insured by the Federal Deposit Insurance Corporation."  18 U.S.C. § 2113(f).

### D.   Ineffective Assistance of Counsel Claim

Petitioner also brings an ineffective assistance of counsel claim.  Petitioner argues that the government failed to prove elements of the crimes charged and that Petitioner's trial counsel "was ineffective by failing to object to the . . . errors committed by the prosecution . . . ."  Specifically, Petitioner points to the following three purported errors:

(1) "The government failed to show requisite jurisdiction
(2) The government committed prosecutorial misconduct in presenting false evidence to the grand & petit juries, i.e., that the FDIC certificate does not cover losses from a bank robbery; and
(3) The government failed to prove a federal crime had been committed."

To establish a constitutional violation for the ineffective assistance of counsel, a defendant must demonstrate (1) a deficient performance by counsel, and (2) prejudice to him.  United States v. Cochrane, 985 F.2d 1027, 1030 (9th Cir. 1993).  To prove a deficient performance of counsel, Petitioner must demonstrate that his attorney "made errors that a reasonably competent attorney acting as a diligent and conscientious advocate would not have made."  Butcher v. Marquez, 758 F.2d 373, 376 (9th Cir. 1985).  To show prejudice, Petitioner must demonstrate that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different."  Strickland v. Washington, 466

U.S. 668, 694 (1984). A court addressing a claim of ineffective assistance of counsel need not address both prongs of the <u>Strickland</u> test if the plaintiff's showing is insufficient as to one prong. <u>Id</u>. at 697. "If it is easier to dispose of an ineffectiveness claim on the ground of lack of sufficient prejudice, which we expect will often be so, that course should be followed." <u>Id</u>.

As discussed above, Petitioner's allegations in this case are not "errors." Petitioner's counsel made no mistake in this regard and therefore his performance cannot be considered deficient. Accordingly, the Court has no choice but to find that Petitioner did not receive ineffective assistance of counsel.

Finally, under the legal standard also explained above, a hearing is not required in this case because the files and records of the case conclusively show that Petitioner is entitled to no relief.

**ORDER**

Based on the above memorandum opinion, the Court ORDERS that:

1. Petitioner's motion to vacate, correct or set aside the sentence is DENIED; and
2. the Clerk of the Court shall CLOSE the CASE.

<u>IT IS SO ORDERED.</u>

| **Dated:** | **April 11, 2008** | /s/ Anthony W. Ishii |
|---|---|---|
| | | UNITED STATES DISTRICT JUDGE |